# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARRY KING,<br><br>            Plaintiff,<br><br>     v.<br><br>KINGS COUNTY SHERIFF'S OFFICE, et al.,<br><br>            Defendants. | Case No.: 1:20-CV-00943- JLT (PC)<br><br>ORDER AFTER INFORMAL TELEPHONIC CONFERENCE RE: DEEMED ADMISSIONS (Docs. 34, 36, 37) |

The Court held an informal telephonic conference regarding the plaintiff's request to withdraw the deemed admissions. At the conference, counsel agreed that the requirement for a formal motion was waived and the parties would accept the Court's determination made on the informal briefs.[1] For the reasons set forth below, the Court **GRANTS** the plaintiff's request withdraw the deemed admissions and to substitute the recently served responses. to amend the case schedule and the defense motion for a protective order.

**I.     Factual circumstances**

On April 7, 2021, the defense served the plaintiff requests to admit certain facts. (Doc. 36 at 1; Doc. 38 at 1) Counsel met and conferred about the requests and were able to resolve certain issues. (Doc. 36 at 1; Doc 38 at 1) Due to the busy schedule of plaintiff's counsel, Ms. Ricketts', she failed to

---

[1] The plaintiff filed an initial informal brief (Doc. 34) and then an amended informal brief (Doc. 36). Because the amended brief supersedes the original brief, the Court considers only the amended informal brief.

calendar the responsive deadline and failed to serve responses. Id. When the parties met and conferred about another dispute in mid-August, Ms. Ricketts was reminded of the RFAs and the plaintiff's failure to respond. (Doc. 38 at 3) The defense asserted that the facts were deemed admitted. Id. Ms. Ricketts quickly drafted a response to the RFAs and served it.

## II.     Legal Authority

If a party fails to respond to requests for admission, they are deemed admitted. Fed.R.Civ.P. 36(a)(3), (b). To determine whether the Court should permit the withdrawal of the deemed admissions, the Court must consider whether withdrawal will promote a determination of the merits of the action and the extent to which withdrawal will prejudice the defense. Id. At the conference, counsel agreed there was no dispute that the request for admissions was properly served or that withdrawal of the admissions would promote a determination on the merits. Thus, the Court must focus on the prejudice to the defense.

The defense asserts that it has suffered prejudice because it relied upon the admissions when choosing not to propound additional discovery. (Doc. 37 at 2-3) In general, courts conclude that prejudice must "relate to the difficulty a party may face in proving its case at trial.'" Conlon v. U.S., 474 F.3d 616, 624 (9th Cir. 2007). When the prejudice suffered relates only to missed opportunities for discovery—even when the discovery deadline has passed—courts are encouraged to reopen discovery to cure the prejudice. Id.

The defense argues that even if the Court concludes that the prejudice can be cured, the Court should not allow the admissions to be withdrawn based upon the weakness of the plaintiff's case. However, the relative strengths and weaknesses of the parties' cases are not apparent to the Court at this juncture. Consequently, the Court **ORDERS**:

1. The plaintiff's informal motion to withdraw the admissions is **GRANTED**;

2. The defense is permitted to serve discovery requests to cure the prejudice imposed by plaintiff's failure to respond timely to the requests for admission. The defense **SHALL** propound this discovery no **later than September 10, 2021**, and the verified response is due **no later than October 12, 2021**.

3. To further cure the prejudice, the case schedule is amended to allow expert discovery to

conclude **no later than November 5, 2021**.

IT IS SO ORDERED.

Dated: **September 1, 2021**          /s/ **Jennifer L. Thurston**
CHIEF UNITED STATES MAGISTRATE JUDGE