UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARRY KING,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>ROBYNN WESTON and NAEEM SIDDIQI,<br><br>　　　　　　Defendants. | Case No.  1:20-cv-00943-CDB<br><br>**PRETRIAL SCHEDULING ORDER**<br><br>Motions *in limine*:<br>　　File – January 8, 2024<br>　　Respond – January 19, 2024<br>　　Reply - January 26, 2024<br><br>Jury instructions, proposed verdict form:<br>　　Party-submitted – February 1, 2024<br>　　Joint & Disputed – February 7, 2024<br>　　Hearing – February 9, 2024<br><br>List of discovery documents: January 26, 2024<br>Counter designations: February 7, 2024<br><br>Pretrial Conference:  February 9, 2024, 10:30 AM<br>Jury Trial: February 26, 2024, at 9:00 AM in the Bakersfield Courthouse, 510 19th Street (CDB) |

Plaintiff Barry King asserts claims pursuant to 42 U.S.C. § 1983 against Defendants Robynn Weston and Naeem Siddiqi for deliberate indifference to serious medical needs based on Defendants' alleged failure to treat King's fractured jaw.

Following the Court's grant of partial summary judgment (Doc. 82), the parties convened for a status conference off the record on May 9, 2023.  Morgan Ricketts appeared for Plaintiff and Chad Couchot appeared for Defendants. During the status conference, the parties identified a series a mutually available dates for further scheduling of this case. Accordingly, based on the dates provided and the availability of the Court. The Court ORDERS the pretrial schedule to proceed as follows:

1

### A.  Motions In *Limine* Hearing and Briefing Schedule

The parties anticipate filing pretrial motions involving disputed evidentiary issues and regarding expert testimony.  The Court orders the parties' counsel to meet and confer on anticipated motions in *limine* and to distill evidentiary issues.  The Court further directs the parties to file motions in *limine* only as to important, critical matters, keeping in mind that routine evidentiary issues can be resolved easily with a conference among the Court and counsel.  If the Court assesses that the parties have filed motions in *limine* without meaningful and genuine meeting and conferring, the Court may strike the motions in *limine* and not hear them.

The parties, after meaningful and genuine meet and confer efforts, shall file and serve their actually-disputed motions in *limine* no later than **January 8, 2024**. Any response to motions in *limine* shall be filed no later than **January 19, 2024**. Any reply in support of a motion in *limine* shall be filed no later than **January 26, 2024**. The Court will conduct a hearing on the motions in *limine* during the pretrial conference on **February 9, 2024, at 10:30 a.m.** in the Bakersfield Courthouse, 510 19th Street (CDB), unless this Court decides to rule on the motions in *limine* on the briefs. The Court will conduct the pretrial conference in-person.

Moving and opposition papers must be brief, succinct, and well-organized. The parties shall consolidate their respective motions in *limine* in a single document, organized by number, and to file oppositions in a single document responding to the numbered issues under the same corresponding headers. For example, if a defendant has five evidentiary issues, it would file one motion that has five headers: Motion in *limine* No. 1; Motion in *limine* No. 2, and so on; and, in response, plaintiff would file one opposition document organized in the same way.

### B.  Proposed Jury Instructions and Verdict Forms

The parties shall <u>serve</u> their proposed jury instructions and verdict forms on one another no later than **February 1, 2024**. The parties shall conduct a conference to address their proposed jury instructions and verdict forms no later than **February 6, 2024**. At the conference, the parties shall reach agreement on jury instructions and a verdict form for use at trial.  The parties, no later than **February 7, 2024,** shall <u>jointly file and serve</u> all agreed-on jury instructions and an agreed-on verdict form and identify such as the agreed-on jury instructions and verdict form.  The parties also shall <u>file</u>

and serve by **February 7, 2024**, any proposed but disputed jury instructions and/or partial verdict form, and identify those as disputed.

All jury instructions SHALL indicate the party submitting the instruction (i.e., joint/agreed-on, Plaintiff's, or Defendants'), the number of the proposed instruction in sequence, a brief title for the instruction describing the subject matter, the text of the instruction, and the legal authority supporting the instruction.

All jury instructions and verdict forms SHALL be e-mailed as a Microsoft Word attachment to cdborders@caed.uscourts.gov. The Court will not accept a mere list of numbers of form instructions from the Ninth Circuit Model Jury Instructions, CACI, BAJI, or other instruction forms. The proposed jury instructions must be in the form and sequence which the parties desire to be given to the jury. All blanks to form instructions must be completed. Irrelevant or unnecessary portions of form instructions must be omitted.

Ninth Circuit Model Jury Instructions shall be used where the subject of the instruction is covered by a model instruction. Otherwise CACI or BAJI instructions shall be used where the subject of the instruction is covered by CACI or BAJI. All instructions shall be short, concise, understandable, and neutral and accurate statements of the law. Argumentative or formula instructions will not be given and must not be submitted. Quotations from legal authorities without reference to the issues at hand are unacceptable.

The parties shall, by italics or underlining, designate any modification of instructions from statutory or case authority, or any pattern instruction, such as the Ninth Circuit Model Jury Instructions, CACI, BAJI, or any other source of pattern instructions, and must specifically state the modification made to the original form instruction and the legal authority supporting the modification.

The Court will address arguments concerning jury instructions, verdict form, and any other outstanding pretrial issues during the pretrial conference on **February 9, 2024, at 10:30 a.m**.

### C.  Deposition Testimony

Deposition testimony shall be designated by page and line number, with such designation to be filed and served no later than **January 26, 2024**.  Any counter-designation as to the same deposition (also set out by page and line number) shall be filed and served no later than **February 7, 2024**. The

original certified transcript of any deposition identified in a designation or counter-designation, along with any videorecording of deposition excerpts either party intends to use at trial, shall be lodged with the Courtroom Deputy no later than **February 9, 2024**.[1]

### D.  Pretrial Statements

Consistent with Local Rule 281, the parties are directed to file a joint pretrial statement not less than ten (10) days before the pretrial conference (*i.e.*, no later than **January 30, 2024**).

IT IS SO ORDERED.

Dated:  **May 11, 2023**

_____
UNITED STATES MAGISTRATE JUDGE

---

[1] Dates by which the parties shall serve, file (and, as appropriate, lodge) proposed voir dire, stipulations, trial exhibits and lists, and discovery documents will be address by separate order after the parties file their pretrial statements.

4