UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARRY KING,<br><br>          Plaintiff,<br><br>    v.<br><br>ROBYNN WESTON, et al.,<br><br>          Defendants. | Case No.: 1:20-cv-000943-CDB (PC)<br><br>**ORDER ON STIPULATION SUBSTITUTING NAPHCARE, INC. IN PLACE OF DEFENDANTS SIDDIQI AND WESTON**<br><br>**ORDER DIRECTING CLERK OF THE COURT TO CLOSE CASE ON THE PARTIES' STIPULATED DIMISSAL OF THE ACTION**<br><br>(Docs. 125, 127, 128) |

**I.      RELEVANT BACKGROUND**

Following settlement conference proceedings held January 15, 2025, before Magistrate Judge Jeremy D. Peterson, the parties reached a settlement in this action. (Doc. 119 [Minutes].) The terms of the settlement were placed on the record and the parties were directed to finalize their settlement agreement within 30 days. (*Id.*)

On January 16, 2025, the undersigned issued an Order Vacating Pretrial Conference Set for February 13, 2025, and Order Converting Jury Trial Set for April 2, 2025 to a Pretrial Conference. (Doc. 120.)

On March 19, 2025, Plaintiff filed a "Request for Dismissal." (Doc. 125.) That same date, noting that "Plaintiff may not unilaterally seek dismissal without court order" and that "Plaintiff

1  may seek dismissal with a stipulation signed by all appearing parties," the Court granted the

2  parties a one-day extension of time "to comply with the Court's prior order (*see* Doc. 121)" by

3  timely filing a stipulated dismissal, in compliance with Rule 41(a)(1)(A) of the Federal Rules of

4  Civil Procedure. (*See* Doc. 126 [Minute Order].)

5  Thereafter, the parties filed a "Stipulated Motion to Substitute and Dismiss" (Doc. 127)

6  and a "Stipulation and Order for Dismissal of NaphCare Inc., With Prejudice" (Doc. 128).

7  **II.     DISCUSSION**

8  **A. Stipulated Motion to Substitute and Dismiss (Doc. 127)**

9  Plaintiff Barry King and Defendants Naeem Siddiqi, M.D. and Robynn Weston, N.P.

10 stipulate to substitute NaphCare, Inc., in place of Defendants Siddiqi and Weston, and to then

11 dismiss Defendants Siddiqi and Weston from the action with prejudice. The parties assert the

12 substitution stipulation is made pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure,

13 allowing for an amendment to the original pleading made prior to trial with the opposing party's

14 written consent. Defense counsel for Siddiqi and Weston states he "is also counsel for NaphCare,

15 Inc. (previously dismissed following Defendants' Motion for Summary Judgment) and has been

16 authorized to inform the Court that NaphCare, Inc. agrees to the proposed amendment

17 substituting NaphCare, Inc. into this action as a defendant in place of" Siddiqi and Weston. The

18 parties represent the substitution will not prejudice the parties and is not made for the purposes of

19 delay or dilatory tactics. Rather, the parties assert "the substitution is made for the purpose of

20 finalizing the settlement agreement that has been reached between NaphCare, Inc., and Plaintiff."

21 Lastly, the parties indicate a separate stipulation of dismissal of NaphCare, Inc. will be

22 forthcoming "after it is substituted in and completes its settlement with Plaintiff."

23 Rule 15(a)(2) of the Federal Rules of Civil Procedure, concerning other amendments

24 before trial, provides in relevant part that "a party may amend its pleading only with the opposing

25 party's written consent or the court's leave." Here, the parties seek to substitute former defendant

26 NaphCare, Inc. for Defendants Siddiqi and Weston to complete their settlement, therefore, all

27 parties consent to the amendment or substitution sought. Given defense counsel's representations

28 and the parties' agreement to substitute NaphCare, Inc. for Defendants Siddiqui and Weston,

substitution is appropriate.[1]

### B. Stipulation for Dismissal of Naphcare, Inc. (Doc. 128)

On March 19, 2025, the parties filed a "Stipulation and Order for Dismissal of Naphcare, Inc., With Prejudice." The stipulation is signed and dated by Morgan Ricketts, counsel for Plaintiff Barry King, and by Chad C. Couchot, counsel for Defendant Naphcare, Inc., and indicates that the parties stipulate to a dismissal of this action with prejudice, and that each party shall bear its own fees and costs.

In light of the dismissal, this action will terminate by operation of law without further order from the Court (see Fed. R. Civ. P. 41(a)(1)(A)(ii) and the Clerk of the Court will be directed to close this case.

### III. CONCLUSION AND ORDER

Based upon the foregoing, the Court **HEREBY ORDERS**:

1. The parties' substitution of NaphCare, Inc. in place of Defendants Siddiqi and Weston (Doc. 127) is **GRANTED**;
2. Defendant NaphCare, Inc. is **SUBSTITUTED** in place of Defendants Siddiqi and Robynn Weston;
3. The Clerk of the Court is directed to update the docket noting dismissal with prejudice, terminate all pending motions and deadlines, and close this case.

IT IS SO ORDERED.

Dated:  **March 20, 2025**

UNITED STATES MAGISTRATE JUDGE

---

[1] *See, e.g.*, *Fern v. United States*, 213 F.2d 674, 677 (9th Cir. 1954) ("Once the adverse party has consented to the amendment of a pleading, the Court has no control over the matter under Rule 15(a)"); *Grant v. United States*, No. 2:11-cv-00360 LKK KJN PS, 2011 WL 5554878, at *7 (E.D. Cal. Nov. 15, 2011) (court noting it approved a stipulation dismissing a defendant and substituting a related defendant in its place); *see also, e.g.*, *Spectrum Dynamics Medical Ltd. v. Gen. Elec. Co. Company*, No. 18-CV-11386 (VSB) (KHP), 2023 WL 7135236, at *5 (S.D.N.Y. Oct. 30, 2023) (granting substitution of "Precision Healthcare and GE HealthCare … as the defendants in this action … pursuant to the stipulation that the substitute defendants will accept liability").